IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHENG XIONG,

                                                                                MEMORANDUM

                Plaintiff,

                                                                                 07-C-467-C

     v.

STATE OF WISCONSIN
DEPARTMENT OF EMPLOYEE
TRUST FUND,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Pheng Xiong has filed a document titled, "Discovery questions and responses to defendant's answer," that I construe as a reply to defendant's answer.  I will not consider plaintiff's reply because the answer is not a pleading that requires a response.

       Fed. R. Civ. P. 12(b) permits defendants to avoid litigation of a case if plaintiff's allegations of fact, even if accepted as true, would be insufficient to make out a legal claim against the defendants.  Although the defendant has raised certain affirmative defenses in its answer it has not filed a motion to dismiss.  If such a motion were to be filed, plaintiff would be allowed to respond to it.  Otherwise, it is not necessary for plaintiff to respond to defendant's answer.  Indeed, Fed. R. Civ. P. 7(a) forbids a plaintiff to submit a reply to an

1

answer unless the court directs a reply to be filed. No such order will be made in this case. According to Fed. R. Civ. P. 8(d), averments in pleadings to which a response is not allowed are assumed to be denied. Therefore, although plaintiff will not be permitted to respond to defendant's answer, the court assumes that he has denied the factual statements and affirmative defenses raised in that answer.

To the extent that plaintiff may be attempting to conduct discovery in his current submission, I will direct him to Rules 33 and 36 of the Federal Rules of Civil Procedure. In his reply, it appears that plaintiff is asking the defendant to respond to his questions or admit certain statements. If plaintiff wants defendant to respond to written questions under oath, he may serve interrogatories on defendant pursuant to Fed. R. Civ. P. 33. If plaintiff wants defendant to admit to the truth of a matter relating to the facts of the case or the genuineness of documents, he may serve requests for admissions on defendant pursuant to Fed. R. Civ. P. 36. As Magistrate Judge Stephen Crocker told plaintiff in his October 23, 2007 order, a party does not have a right to learn information or get documents unless the

party follows the rules governing discovery. Therefore, if plaintiff wishes to obtain the information requested in his reply, he must follow Fed. R. Civ. P. 33 and 36.

Entered this 18th day of December, 2007.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge